IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ASBURY UNITED METHODIST CHURCH,

                          Plaintiff,                     ORDER

v.

                                                  09-cv-617-wmc

CITY OF LA CROSSE, *et al.*,

                          Defendants.

---

      Defendants, by counsel, have filed an unopposed motion for relief from the trial date in this case, expressing concern about being double-booked. *See* dkts. 24-26. For the reasons stated below, this motion is denied without prejudice.

      On September 18 ,2009, this court held a telephonic preliminary pretrial conference in the case of Pond v. City of Edgerton, County of Rock, *et al.*, Case No. 09-cv-443-vis.[1] The county defendants appeared by Attorney Amy Doyle of the Crivello law firm. In consultation with the attorneys, I set the case for a five-day jury trial on September 13, 2010 before the next district judge to be appointed.

      Seven weeks later, on November 6, 2009, the court held a telephonic preliminary pretrial conference in the instant case. Defendants were represented by Attorney Julie P. Wilson of the Crivello law firm. In consultation with the attorneys for both sides, the court set this case for a four-day bench trial beginning September 13, 2010 before the next district judge to be appointed. (When discussing possible trial dates with lawyers, the court knows which other trials are set for any given Monday but it does not check to see which firms or lawyers are involved, figuring that this is counsel's responsibility).

---

[1] From mid-2008 to January 2010, while awaiting appointment of its two district judge nominees, this court used "vis" to designate a case in which a party had declined to accept magistrate judge jurisdiction.

Upon Judge Conley's appointment, both cases were assigned to him. Judge Conley has two other civil trials and one criminal trial scheduled for September 13, 2010 (although there still is time to add another criminal trial or two).

Twenty-six weeks after the preliminary pretrial conference, on May 7, 2010, defendants file the instant motion to strike the trial date and either not reset it until summary judgment is decided, or reset it on a date agreeable to all concerned. This request is made "to permit and preserve counsel for the defendants' effective preparation for and representation at trial, and so as to preserve client resources (including by avoiding calling public servants away from their ordinary duties.)" Brief in Support, dkt. 25, at 2. Attorney Raymond J. Pollen has submitted an affidavit explaining that he is the senior attorney representing the defendants in this case and in the *Pond* case, that he does not believe that he can effectively perform his duties as trial counsel in preparing for two trial[s] scheduled to start the same day before the same judge, and he is concerned that inefficiencies will result to his government clients including calling public servants away rom their duties to prepare and appear when both cases may not ultimately proceed at once. Dkt. 16 at 1-2.

It is common knowledge that every judge in the Western District of Wisconsin calendars up to seven trials *each* for the same day; on September 13, 2010, there are 11 trials scheduled for three judges, with a couple more likely to be added on the criminal side. This has been the court's practice for decades and it works because most cases resolve themselves before trial. It is rare for a judge to have more than two trials proceeding in the same week; most often, *all* of the cases resolve themselves and there are no trials at all. Civil attorneys familiar and comfortable with this process routinely accept double-booked trials here; many federal

2

prosecutors and criminal defense attorneys triple-book their trial dates. Judge Conley had–and still has–the authority to opt out of this aggressive scheduling system, but instead has embraced it as the most speedy, just and inexpensive method of determining actions filed in this court.

In the instant case, Attorney Pollen has been double-booked since last November, apparently without realizing it. This late discovery doesn't constitute waiver, since the court still will do whatever justice requires, but since the trial dates were set at conferences seven weeks apart, and since the main purpose of the conferences was to get counsel's scheduling input, one has to wonder why the Crivello firm agreed to this in the first place if it was going to be a problem and why it then took six more months to ask for relief.

In the end, however, it doesn't matter because from the court's perspective, justice does not require striking or changing any dates, at least not yet. This court will follow its usual practice and let this case and the *Pond* case continue with discovery, motions practice, and if the parties choose, with settlement negotiations. If by mid-August it seems likely that both cases will need to be tried, then Judge Conley will discuss calendaring with the attorneys in both cases and decide what needs to happen at that time. For now, however, both schedules remain in place.

It is ORDERED that defendants' motion for relief from the pretrial conference order is DENIED WITHOUT PREJUDICE.

Entered this 2nd day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge